UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE RAY CRAWFORD, | § | |
| No. 267268, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | NO. 3:06-CV-1025-D |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

**FINDINGS AND CONCLUSIONS:**

**Type of Case:** This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner Willie Ray Crawford ("Crawford" or "Petitioner") is confined at the Ellis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") at Huntsville, Texas. Respondent is the Director of the TDCJ-CID.

**Statement of the Case:** Petitioner is currently incarcerated pursuant to a judgment and sentence of the 291st District Court of Dallas County, Texas in cause number F02-73554-MU, in which he was charged with the offense of aggravated sexual assault of a child enhanced by two prior

felony convictions. After pleading not guilty to the alleged offense, Petitioner was convicted and sentenced to a term of life imprisonment and a $10,000 fine.

Petitioner appealed his sentence to the Fifth District Court of Appeals and on July 19, 2004, the court affirmed his conviction. *Crawford v. State*, No. 05-03-01489-CR (Tex. App.–Dallas July 19, 2004). Two days later, the court issued a nunc pro tunc order upholding the conviction but declaring void the $10,000 fine imposed by the trial court because it was not included in the range of punishment for aggravated sexual assault. *Crawford v. State*, No. 05-03-01489-CR (Tex. App.–Dallas July 21, 2004). Crawford filed a petition for discretionary review ("PDR"), which was refused by the Texas Court of Criminal Appeals on December 1, 2004.

On December 5, 2005, Crawford filed a habeas application challenging his conviction pursuant to Texas Code of Criminal Procedure article 11.07. *Ex Parte Crawford*, Appl. No. 07, 000-04 at 2.[1] Crawford's application was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court without a hearing on May 24, 2006. *Ex Parte Crawford*, Appl. No. 07, 000-04 at cover.

---

[1] Crawford previously filed three state habeas applications challenging his convictions in several drug-related offenses. *See Ex Parte Crawford*, Appl. No. 07, 000-01; *Ex Parte Crawford*, Appl. No. 07, 000-02; *Ex Parte Crawford*, Appl. No. 07, 000-03.

Petitioner filed the instant petition on June 9, 2006.[2] On September 26, 2006, Respondent filed his answer contending that several of Petitioner's claims are procedurally defaulted and that all claims are without merit. Petitioner did not file a traverse.

**Findings and Conclusions:** Review of Crawford's claims is governed by the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA" or "the Act") because he filed his § 2254 petition after the effective date of the Act. The AEDPA, in pertinent part, provides that a federal court cannot grant relief under § 2254 unless the adjudication of a state prisoner's claim in the state court system, "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C § 2254(d)(1)-(2) (1996). Where a petitioner challenges a state court's application of federal law under § 2254(d)(1), the petitioner must show that the state court's decision was not only erroneous, but objectively unreasonable. *See Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S. Ct. 1, 4 (2003) (citations omitted); *see also Morrow v. Dretke*, 367 F.3d 309, 313 (5th Cir. 2004) ("[F]ederal habeas relief is only merited where the state court decision is both incorrect and objectively unreasonable"). Findings of fact made by a state court are presumed to be correct absent clear and convincing evidence rebutting the presumption. § 2254(e)(1).

---

[2] Petitioner did not date his federal habeas petition. Because the timeliness of the petition is not at issue, the court will refer to the filing date as the date on which the petition was file-stamped. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (setting forth the federal "mailbox" rule).

**Insufficiency of the Evidence**

Petitioner first argues that the victim gave perjured testimony at trial and points out several inconsistencies between her statement transcribed by a Dallas police officer, and her testimony at trial. Crawford presented the same argument in his state habeas application and the trial court, in its findings of fact and conclusions of law, interpreted the argument as a challenge to the sufficiency of the evidence. The trial court therefore declined to address the argument, noting that sufficiency of the evidence may only be raised on direct appeal. *Ex Parte Crawford*, Appl. No. 07, 000-04 at 81, 83 (Trial Ct.'s Findings of Fact and Conclusions of Law). Thereafter, the Court of Criminal Appeals denied Crawford's application without written order on the findings of the trial court without a hearing. *Ex Parte Crawford*, Appl. No. 07, 000-04 at cover.

Respondent argues that Petitioner is procedurally barred from raising this same claim in his federal petition. Application of a state's procedural bar is a matter of comity and a federal habeas court will not consider a claim on which the state court expressly relied on an independent and adequate state ground unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565 (1991); *Matchett v. Dretke*, 380 F.3d 844, 848 (5th Cir. 2004). However, "if the decision of the last state court…did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition." *Coleman*, 501 U.S. at 735, 111 S. Ct. at 2557. In this case, the trial court denied Crawford's claim based on state case law which permits sufficiency of the evidence claims to be raised only on direct appeal and the Court of Criminal Appeals denied the application without

4

written order on the findings of the trial court without a hearing.  Petitioner has neither alleged prejudice nor demonstrated how this court's failure to address his claim would result in a fundamental miscarriage of justice.  Therefore, the undersigned finds that Crawford's challenge to the sufficiency of the evidence is procedurally barred.[3]

**Ineffective Assistance of Counsel at Trial and on Appeal**

Petitioner next argues that he received ineffective assistance from both trial and appellate counsel.  An attorney's conduct, both at trial and on appeal, is governed by the standards set out in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984); *see also Smith v. Robbins*, 528 U.S. 259, 285, 120 S. Ct. 746, 764, 145 L. Ed. 2d 756 (2000) (applying *Strickland* to counsel's conduct on appeal).  There is a strong presumption that an attorney's conduct falls within the broad range of reasonable professional assistance required under the Sixth Amendment.  *Id.* at 690, 104 S. Ct. at 2066.  To overcome this presumption a habeas petitioner must establish that: (1) the attorney's conduct was constitutionally deficient (causation) and (2) but for the such unprofessional errors, the result probably would have been different (prejudice).[4]

---

[3]  Even if Petitioner merely intended to allege that the victim gave perjured testimony, his claim is still without merit.  Where perjured testimony is allegedly used at trial, federal habeas relief is available only where a petitioner establishes that: "(1) the statements in question are actually false; (2) the prosecution knew that the statements were false; and (3) the statements were material."  *Kimmel v. Quarterman*, No. 05-70041, 2006 WL 2482783, at *6 (5th Cir. Aug. 29, 2006) (citing *United States v. Haese*, 162 F.3d 359, 365 (5th Cir.1998)).  Petitioner did not present evidence pertaining to any of the aforementioned three criteria, and his conclusory allegations fail to raise a constitutional issue.  *See*, *e.g.*, *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

[4]  A defendant need not prove prejudice where he has been actually or constructively denied counsel.  *Strickland*,  466 U.S. at 692, 104 S. Ct. 2067; *see also United States v. Cronic*, 466 U.S. 648, 659, 104 S. Ct. 2039, 2047 (1984).  A constructive denial of counsel occurs when a defendant was in effect "denied any meaningful assistance at all."  *Johnson v. Cockrell*, 301 F.3d 234, 238 (5th Cir. 2002) (citations omitted).  Mere "shoddy representation" does not

5

*Id.* at 687-88, 694, 104 S. Ct. at 2064, 2068.  Failure to prove either prong of the two-part test forecloses relief.  *Id.* at 697, 104 S. Ct. at 2069.

Petitioner asserts that his attorney's conduct was deficient because he failed to: investigate the case; subpoena any witnesses or evidence for trial; interview and/or call as a witness the motel employee who was working on the night of the assault, the investigating police officers, the victim's mother, the "aunt" with whom the victim lived and the unidentified individual who gave the victim a ride home after the assault; determine the victim's age and sexual history; establish a timeframe of the events at trial; and rested his defense after failing to re-submit the victim's statement into evidence after an initial objection to its admission was sustained.[5]

Crawford's claims were fully explored and addressed on their merits by the trial court in the context of his 11.07 application.  *Ex Parte Crawford*, Appl. No. 07, 000-04 at 83 (Trial Ct.'s Findings of Fact and Conclusions of Law).  At the request of the trial court, Petitioner's counsel, George Conkey, submitted an affidavit regarding his representation of Petitioner wherein he stated that: he unsuccessfully attempted to locate two witnesses–the victim's mother and the

---

constitute a constructive denial of counsel.  *Id.*  A review of the record indicates that Petitioner received some form of meaningful representation and, therefore, his claims are subject to analysis under the *Strickland* standard.

[5] Respondent interprets Crawford's application to also allege that counsel failed to: move for a continuance in order to prepare for sentencing, request a psychiatric report, investigate and present character witnesses, seek a pre-sentence investigation report, present meaningful arguments to the sentencing judge, investigate the medical examiner's report, investigate the medical experts, properly examine witnesses during direct and cross-examination and seek a pre-sentencing report.  (Respondent's. Brief at 3.)  However, a close reading of the petition reveals that Crawford does not assert such omissions as grounds for relief under his ineffective assistance of counsel claims, but merely includes them as quotations from *Strickland*.  *See* 466 U.S. at 675, 104 S. Ct. at 2058.

person who gave her a ride after the assault,[6] Petitioner's only proposed defense was that the sexual intercourse between the two was consensual, he cross-examined the victim regarding her description of the assault, he argued for Petitioner at the close of the trial, and he did not call Petitioner because he elected not to testify in his own defense. *Ex Parte Crawford*, Appl. No. 07, 000-04 at 93 (Aff. of George Conkey). After reviewing the affidavit, the trial court found that counsel "is a trustworthy individual and that his statements are worthy of belief," and that the affidavit was dispositive of Crawford's claim. *Id*. The Texas Court of Criminal Appeals accepted the findings of fact and conclusions of law of the trial court. *Ex Parte Crawford*, Appl. No. 07, 000-04 at cover.

The record supports the statements made by counsel in his affidavit. Mr. Conkey filed several pre-trial motions and cross-examined each of the State's witnesses. He also re-called the victim to examine her regarding the nature of her relationship with Crawford, even though her consent to sexual intercourse was not a valid defense. *See* Texas Penal Code, § 22.011(a)(2) and (c)(1)-(2) (prohibiting an adult from intentionally or knowingly penetrating the sexual organ of a person younger than 17 years of age who is not the spouse of the actor); *see also Reed v. State*, 991 S.W.2d 354, 361 (Tex. App.-Corpus Christi 1999) ("Consent is not an issue where the charged offense is sexual assault of a child because a victim under seventeen is legally incapable of consenting to the types of sexual relations described in the statute.")

Crawford has failed to present any evidence to overcome the presumption that the state court's findings of fact regarding counsel's performance during the trial are correct. *See* §

---

[6] Moreover, Petitioner failed to include affidavits of the claimed uncalled witnesses in his article 11.07 application and, therefore, this claim fails to present a cognizable ground for relief. *See*, *e.g.*, *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985).

2254(e)(1). Therefore trial counsel's affidavit is deemed a true statement of the events that occurred leading up to and during the trial. Furthermore, Crawford has failed to overcome the presumption that the state court's application of federal law was objectively unreasonable. *See Yarborough*, 540 U.S. at 5, 124 S. Ct. at 4. Not only did Crawford fail to show that his counsel's performance fell below objective standards of reasonableness, he also failed to allege that he was prejudiced by his counsel's conduct. *See Strickland*, 466 U.S. at 687-88, 694, 104 S. Ct. at 2064, 2068.

Petitioner alleges that his appellate counsel also provided ineffective assistance because he briefed only one issue on appeal. On appeal, appellate counsel argued that Crawford was denied his Sixth Amendment right to confront the witnesses against him when the trial court permitted a Dallas Police officer to testify regarding statements made to him by the victim. *See Crawford v. State*, No. 05-03-01489-CR (Tex. App.–Dallas July 21, 2004).

In the context of an appeal, counsel "is not deficient for not raising every non-frivolous issue on appeal." *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). Instead, only if counsel's decision is objectively unreasonable will his representation be deemed deficient. *Id.* Accordingly, a reasonable appellate attorney researches relevant facts and law and either discovers and brings to the court's attention "solid, meritorious arguments based on directly controlling precedent" or "makes an informed decision that certain avenues will not prove fruitful." *United States v. Williamson*, 183 F.3d 458, 462-463 (5th Cir. 1999).

The trial court reviewed and accepted as dispositive of Crawford's allegations an affidavit submitted by Petitioner's appellate counsel, Gary Udashen, wherein he stated that he raised every argument on appeal that he thought had merit. *Ex Parte Crawford*, Appl. No. 07,

8

000-04 at 84 (Trial Ct.'s Findings of Fact and Conclusions of Law), 95 (Aff. of Gary Udashen). This finding was accepted by the Texas Court of Criminal Appeals. *Ex Parte Crawford*, Appl. No. 07, 000-04 at cover.

Petitioner has not identified any additional meritorious arguments that appellate counsel failed to raise. Therefore, Crawford has failed to present any evidence to overcome the presumption that the state court's findings of fact regarding counsel's performance during the trial are correct, *see* § 2254(e)(1), and has failed to overcome the presumption that the state court's application of federal law was objectively unreasonable. *See Yarborough*, 540 U.S. at 5, 124 S. Ct. at 4; *Strickland*, 466 at 687-88, 694, 104 S. Ct. at 2064, 2068.

**Failure to Turn Over *Brady* Material**

Petitioner next alleges that the State failed to turn over favorable evidence, in violation of *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97 (1963). Petitioner does not detail the specific evidence he alleges the state withheld; instead, he refers to the arrest warrant affidavit given by Dallas Police Officer J.E. Corden wherein Office Corden notes that DPD officers collected a pair of shoes, a men's suit and sheets from the hotel room in which the offense allegedly occurred, took pictures of the location and retrieved the registration card for the motel room from the operator of the motel. *See* (Petition, unmarked ex., Aff. for Arrest Warrant).

To establish a *Brady* violation a defendant must prove that: (1) the prosecution suppressed evidence, (2) the suppressed evidence was favorable to the defense and (3) the suppressed evidence was material to the defense. *United States v. Lanford*, 838 F.2d 1351, 1355 (5th Cir. 1988) (citation omitted). Evidence is material where there is a "reasonable probability

9

that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682, 105 S. Ct. 3375, 3383 (1985)). Crawford neither specifically refers to any of the elements of a *Brady* violation in his petition, nor identifies the specific evidence he alleges was withheld. Such conclusory allegations fail to raise a cognizable constitutional claim. *See*, *e.g.*, *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

**Denial of Sixth Amendment Confrontation Rights**

Crawford alleges that his Sixth Amendment Right to confront the witnesses against him was violated when Officer Jose Aranda was permitted to testify regarding statements made by the victim to him after the assault. *See Crawford v. Washington*, 541 U.S. 36, 59, 124 S. Ct. 1354, 1369 (2004) (rejecting the rationale in *Ohio v. Roberts*, 448 U.S. 56, 100 S. Ct. 2531 (1980)).[7] Petitioner raised this argument on direct appeal, and it was rejected by the Fifth District Court of Appeals in a well-reasoned opinion wherein the court held that Petitioner's trial counsel failed to preserve error by making a timely objection to the testimony, and, in *dicta*, stated that even if error had been preserved, Petitioner's constitutional rights were not violated by the admission of the testimony because the accuser testified at trial and was subject to cross-examination. *Crawford v. State*, No. 05-03-01489-CR (Tex. App.–Dallas July 21, 2004).

The undersigned agrees with the reasoning of the state court of appeals. *See* Tex. R. App. P. 33.1(a)(1) (addressing the preservation of error); *United States v. Ricks*, 166 Fed. Appx. 37, 38, 2006 WL 267291, at *1 (4th Cir. 2006) (quoting *Crawford* in support of its holding that

---

[7] Petitioner's direct appeal was still pending when the United States Supreme Court handed down the *Crawford* decision.

when a defendant's accuser testifies and is cross-examined at trial, the Confrontation Clause "places no constraints at all" on the use of the accuser's prior statements). The victim was subject to cross-examination by the defense not once, but twice during the trial. Consequently, admission of her prior statements did not violate the Sixth Amendment.

**Denial of Right to Self Representation**

Petitioner also claims that the trial court denied him the right to represent himself at trial. However, the trial court made the factual finding that Crawford initially desired to represent himself, but after the State's voir dire, the court informed the jury that Crawford would allow standby counsel to represent him. *Ex Parte Crawford*, Appl. No. 07, 000-04 at 83 (Trial Ct.'s Findings of Fact and Conclusions of Law). This finding was accepted without written order by the Court of Criminal Appeals. *Ex Parte Crawford*, Appl. No. 07, 000-04 at cover.

The record reveals that, before the jury was selected, Petitioner expressed the desire to represent himself and the trial court judge admonished him regarding the risks entailed in *pro se* representation and appointed standby counsel to assist him. (Tr. 4-5.) Midway through voir dire, the trial court judge informed the jury that Petitioner changed his mind and agreed to let standby counsel represent him. (Tr. 59.) While the transcript does not contain an affirmative waiver by Petitioner of his right to represent himself, it is devoid of any objection by Petitioner to counsel's active representation at trial or any assertion from Petitioner that he did not desire to waive his right to proceed *pro se*. Such acquiescence to representation by counsel serves as a waiver of the right to self-representation. *See Rayford v. Johnson*, No. 00-40223, 2001 WL 498712, at *4 (5th Cir. Apr. 13, 2001) ("A defendant, even one who has clearly and unequivocally asserted the right to represent himself and who has had the right denied, cannot

11

thereafter remain silent while otherwise validly retained or appointed counsel actively conducts the defense throughout the entire jury trial, then be heard to claim entitlement to habeas relief for the denial of his constitutional right of self-representation).

**Fourth Amendment Claims**

Petitioner also appears to raise several arguments grounded in the Fourth Amendment. *See* (Petition, grounds G, H, J.)  In grounds G, H, and J, he cites and quotes from three documents–the search warrant for buccal cell standard, the return and inventory investigation affidavit and the affidavit in support of the State's request for arrest warrant, (Clerk's R. at 69-72; Petition, unmarked ex., Aff. for Arrest Warrant)–but does not specifically allege constitutional violations in relation to these documents.  To the extent that Crawford alleges that evidence was gathered in violation of the Fourth Amendment to the United States Constitution, his claims are not cognizable in a federal habeas petition as the Petitioner could have filed a motion to suppress the allegedly illegally obtained evidence before trial but failed to do so. *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002) (citing *Caver v. Alabama,* 577 F.2d 1188, 1192 (5th Cir. 1978) and *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052  (1976)).[8]  To the extent that Petitioner makes other constitutionally-based claims in reference to these documents, his claims are without merit as they are wholly conclusory.  *Ross*, 694 F.2d at 1011-12.

---

[8] Three additional grounds of error–I, K and L–are included in Crawford's state habeas application and referenced in his federal petition.  However, to the extent that he attacks the character of the victim and the sufficiency of the evidence to convict, these claims were addressed *supra* pages 4-5.  To the extent that Petitioner alleges in Ground L that trial counsel failed to investigate the background of the victim, this claim was addressed *supra* pages 5-8.

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the district court deny the petition on the merits.

Signed this 22nd day of January, 2007.

_____
Wm. F. Sanderson Jr.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.